IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUBLIN 4, INC. d/b/a D4,<br><br>Plaintiff,<br><br>v.<br><br>SOCIETY INSURANCE.,<br><br>Defendant. | Case No.  21 cv 1888<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Dublin 4, Inc. d/b/a D4, for its Complaint against Defendant Society Insurance, states as follows.

## JURISDICTION and VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there exists complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

This Court has personal jurisdiction over Society Insurance pursuant to 735 ILCS 5/2-209. Society Insurance has submitted to jurisdiction in Illinois by transacting business, including contracting to insure a person, property or risk located within Illinois. *See* 735 ILCS 5/2-209 (1), (4), (7). In addition, Society Insurance exercises substantial and continuous contacts by soliciting and doing business in Illinois.

This Court has jurisdiction to grant declaratory relief under 28 U.S.C. § 2201 because an actual controversy exists between the parties as to their respective rights and obligations under a policy of insurance with respect to losses arising from Illinois Closure Orders.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred within the Northern District of Illinois.

## NATURE OF ACTION

Plaintiff Dublin 4, Inc. d/b/a D4 operates a bar/restaurant in Chicago which was compelled to restrict operations pursuant to orders issued by the State of Illinois, as part of the government's efforts to slow the spread of the COVID-19 virus. Plaintiff obtained a Businessowners Policy from Defendant Society Insurance to protect its business from losses due to contingencies like the pandemic and the government-imposed restrictions. Plaintiff's claims arising from the interruption of its business and resultant losses have been denied by Defendant.

## PARTIES

Plaintiff Dublin 4, Inc. d/b/a D4 is an Illinois corporation which owns and operates a restaurant in Chicago.

Defendant Society Insurance is a Wisconsin corporation that sells business insurance policies.

## FACTUAL ALLEGATIONS

1. On March 11, 2020, the World Health Organization declared that the threat from the novel coronavirus constituted a global pandemic. On March 16, 2020, Illinois Governor Pritzker issued Executive Order 2020-07, prohibiting restaurants from offering on-premises dining. Executive Order 2020-07 was re-issued in several subsequent orders, extending the dates restricting on-premises dining. Executive Order 2020-07 and the re-issuing orders are hereinafter collectively referred to as the "Closure Orders."

2. Executive Order 2020-07 stated that "frequently used surfaces in public settings,

including bars and restaurants, if not cleaned and disinfected frequently and properly, also pose a risk of exposure."

3. As a result of the Closure Orders, Plaintiff was forced to restrict its ordinary operations, including closing its restaurant to on-premises dining, resulting in lost revenues.

4. At all relevant times, Plaintiff had in effect a valid Businessowners Policy issued by Defendant, No. BP16030910, a policy for which Plaintiff had paid premiums.

5. Defendant's policy agreed to "pay for the actual loss of Business Income" sustained "due to the necessary suspension" of operations during the period of business interruption caused by "by direct physical loss of or damage to covered property" at the insured's premises.

6. Defendant's policy also promised to "pay necessary Extra Expenses" incurred during the period of interruption that it "would not have incurred if there had been no direct physical loss or damage to covered property at the described premises."

7. As a result of the Closure Orders, Plaintiff made a claim pursuant to its policy with Defendant.

8. In response to Plaintiff's claim to recover for losses incurred because of the Closure Orders, Defendant issued a denial of benefits.

9. Defendant has asserted that Plaintiff's losses are not covered based, *inter alia*, on a conclusion that the "actual or alleged presence of the coronavirus" did not constitute a "direct physical loss."

10. The insurance industry has created specific exclusions for pandemic-related losses under similar business policies, a fact which undermines Defendant's assertion that the presence of a virus like the coronavirus does not cause "physical loss or damage" to property.

11. Defendant's insurance policy does not specifically exclude pandemic-related losses. Plaintiff reasonably expected that the insurance it purchased included coverage for business interruption losses caused by Closure Orders necessitated by viruses like COVID-19.

12. The presence of the coronavirus in or about Plaintiff's premises created a dangerous condition and rendered Plaintiff's premises unsafe and unfit for its intended use, and therefore, caused physical property damage or loss pursuant to the Defendant's policy.

13. Defendant's conclusion that the actual or alleged presence of a virus like COVID-19 does not result in physical damage is contrary to Illinois law. The presence of a dangerous substance in a property may constitute "physical loss or damage." *See, e.g.*, *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.,* 144 Ill.2d 64, 161 Ill.Dec. 280, 578 N.E.2d 926 (1991); *Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Int'l Ins. Co.*, 720 N.E.2d 622, 625–26 (Ill. Ct. App. 1999), *as modified on denial of reh'g*. (Dec. 3, 1999).

## COUNT I: DECLARATORY JUDGMENT

14. Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in paragraphs 1–13 above.

15. Defendant collected premiums in exchange for its promise to pay Plaintiff's losses for claims covered by its policy.

16. Plaintiff complied with all applicable provisions of the policy, including paying premiums and submitting a timely claim.

17. Defendant has refused to reimburse Plaintiff for any losses incurred in connection with the Closure Orders and resulting interruption of its business.

18. An actual case or controversy exists regarding Plaintiff's rights and Defendant's obligations under its policy to reimburse Plaintiff for the full amount of losses incurred because

4

of the Closure Orders and the interruption of its business.

19. Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaratory judgment from this Court, affirming that:

(a) Plaintiff's losses incurred because of the Closure Orders and the resulting interruption of its business stemming from the COVID-19 pandemic are insured losses under the Defendant's policy; and

(b) Defendant is obligated to pay Plaintiff for the full amount of the losses incurred and to be incurred because of the Closure Orders and the interruption of its business due to the COVID-19 pandemic.

## COUNT II: BREACH OF CONTRACT

20. Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in paragraphs 1–19 above.

21. By denying coverage for any business losses incurred by Plaintiff in connection with the Closure Orders, Defendant has breached its obligations under the policy.

22. As a result of Defendant's breaches, Plaintiff has sustained damages in an amount to be established at trial.

## COUNT III: STATUTORY PENALTY FOR BAD FAITH DENIAL OF INSURANCE UNDER 215 ILCS 5/155

23. Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in paragraphs 1–22 above.

24. Plaintiff requests that this court find that Defendant's refusal to pay the losses under its policy and the delay in settling Plaintiff's claim was vexatious and unreasonable.

25. Plaintiff requests costs pursuant to 215 ILCS 5/155, including reasonable attorneys' fees plus an amount not to exceed any one of the following amounts:

(a) 60% of the amount which the court or jury finds such Plaintiff is entitled to recover against Defendant, exclusive of all costs; or

(b)     $60,000; or

(c)     The excess of the amount which the court or jury finds such Plaintiff is entitled to recover, exclusive of costs, over the amount, if any which the company offered to pay in settlement of the claim prior to the action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that the Court:

Enter Declaratory Judgment in favor of Plaintiff and against Defendant, declaring as follows.

(a)     That Plaintiff's losses incurred in connection with the Closure Orders and the necessary interruption of its business are insured losses under the Defendant's policy; and

(b)     That Defendant is obligated to pay Plaintiff for the full amount of losses incurred and to be incurred because of the Closure Orders and the resulting interruption of its business.

Plaintiff further requests that the court enter Judgment on Counts II and III of the Complaint in its favor and award damages for Breach of Contract and Bad Faith Denial of Insurance in amounts to be proven at trial, and for such other or further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**POWER ROGERS, LLP**

By: /s/Thomas G. Siracusa

Thomas G. Siracusa (ARDC #6192758)
Power Rogers, LLP
70 W. Madison, Suite 5500
Chicago, IL 60602
Telephone: (312) 236-9381
Fax: (312) 236-0920
E-Mail: tsiracusa@powerrogers.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUBLIN 4, INC. d/b/a D4, <br><br> Plaintiff, <br><br> v. <br><br> SOCIETY INSURANCE, <br><br> Defendant. | Case No. 21 cv 1888 <br><br> JURY TRIAL DEMANDED |

## JURY DEMAND

   Plaintiff demands a twelve-person jury trial.

                                                                                           Respectfully submitted,

                                                                                           **POWER ROGERS, LLP**

                                                                                           By: /s/ Thomas G. Siracusa

POWER ROGERS, LLP
70 W. Madison Street, Suite 5500
Chicago, IL  60602
Phone: 3l2/236-938l
Fax: 312/236-0920
E-Mail: tsiracusa@powerrogers.com